STATE of Missouri, Respondent,

v.

Raymond Darrel GOODWIN, Appellant.

Nos. WD 46178, WD 48284.

Missouri Court of Appeals,
Western District.

Nov. 1, 1994.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 27, 1994.

Application to Transfer Denied
Feb. 21, 1995.

Susan L. Hogan, Appellate Defender, Kansas City, for appellant.

Philip M. Koppe, Asst. Atty. Gen., Kansas City, for respondent.

Before KENNEDY, P.J., and BRECKENRIDGE and SPINDEN, JJ.

SPINDEN, Judge.

A jury found Raymond Goodwin guilty of assault in the first degree and armed criminal action, in violation of §§ 565.050 and 571.015, RSMo 1986. The trial court sentenced him to consecutive terms of 30 years in prison for assault and 10 years in prison for armed criminal action. Goodwin filed a motion pursuant to Rule 29.15 to have his conviction set aside. After an evidentiary hearing, the motion court denied it. Goodwin appeals his conviction and the denial of his request for post-conviction relief. We affirm.

Goodwin assigns error to the trial court's allowing the state to present evidence that he regularly carried a gun and to the court's definition of reasonable doubt. In his Rule 29.15 motion, he claimed that his trial attorneys were ineffective as evidenced by their not objecting to detrimental evidence. We do not find merit in any of his assertions.

Goodwin's convictions grew out of a fracas on December 31, 1990, in which he shot Terry Bunch who survived but suffered permanent injuries. The men were fighting over whether Goodwin should have the right to see Bunch's estranged wife, Jayne Bunch. Goodwin had cohabitated with Jayne Bunch while she was separated from Terry Bunch, but she had asked Goodwin to move from her trailer when her affections for her husband resumed.

In this appeal, Goodwin first asserts that the trial court erred in allowing the state to present evidence that Goodwin regularly carried a gun. Goodwin did not preserve the point for our review. Although he filed a motion *in limine* asking the court to exclude the testimony, he did not object to the evidence at trial. Filing a motion *in limine* preserves nothing for appeal, *State v. Purlee*, 839 S.W.2d 584, 595 (Mo. banc 1992),

and the court's ruling on the motion, even if erroneous, is not a proper subject for assignment of error on appeal. *State v. Ellis,* 853 S.W.2d 440, 445 (Mo.App.1993). Because Goodwin did not preserve his contention for our review, we can review it only as plain error.

The state elicited the testimony of which Goodwin complains from Jayne Bunch:

Q ... During the period of time that you lived with and dated the defendant, can you tell us whether or not you ever became—saw the defendant with a handgun?

A All the time.

Q Okay. What was his usual custom with regard to carrying a handgun?

A He carried it with him wherever he went. Uh, if he wasn't wearing a jacket, it was usually slid into the side of his pants. If he was wearing a jacket, it was usually inside of the coat pocket.

■ Rule 29.12(b) says, "Plain errors affecting substantial rights may be considered in the discretion of the court when the court finds that manifest injustice or miscarriage of justice has resulted therefrom." Plain error is evident, obvious and clear error. *State v. Anthony,* 857 S.W.2d 861, 864 (Mo.App.1993).

■ Because the evidence was not clearly and obviously irrelevant, it could not, by definition, be plain error. Only evidence which is clearly and obviously inadmissible can be plain error. Hence, we decline Goodwin's request to review the issue as plain error.

Goodwin appeals the denial of his Rule 29.15 motion for post-conviction remedies. He contends that he was denied effective assistance of counsel because his attorneys did not seek to exclude all evidence related to Goodwin's initial refusal to move out of Jayne Bunch's house when she asked him to do so, and that they did not object to the evidence at trial.

■ To establish ineffective assistance of counsel, Goodwin must show that his attorneys did not exercise the customary skill and diligence of a reasonably competent attorney and that this prejudiced his defense. *Strick-*

*land v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Judicial scrutiny of an attorney's performance must be highly deferential. *Id.* at 689, 104 S.Ct. at 2065. In assessing the trial attorneys' performance, the motion court must make every effort to eliminate the distorting effects of hindsight, to reconstruct the circumstances of the attorneys' challenged conduct, and to evaluate the attorneys' conduct from their perspective at the time. *Id.* The motion court did that, and we concur with its decision.

■ An attorney's failure to object to everything objectionable does not demonstrate incompetence. "[A]ny experienced trial lawyer knows ... that it is not always wise to make all possible objections." *Jones v. State,* 784 S.W.2d 789, 792 (Mo. banc 1990).

■ To prevent Goodwin from converting unpreserved error into viable error in a Rule 29.15 motion, we judge Goodwin's contentions by searching for evidence demonstrating his attorneys' overall incompetence. *Id.* We find no indication of overall incompetence. Goodwin's attorneys were not unfamiliar with the grounds for objection, as evidenced in their motion *in limine,* and did not lack alertness.

■ The evidence of which Goodwin complains was relevant in its support of the state's contention that Goodwin had motive and intent for harming Terry Bunch and that he did not act in self-defense as he insists. Evidence is relevant and material in a criminal trial if it tends to show motive, intent, absence of mistake or accident, a common scheme embracing two or more related crimes, or the identity of the person charged with the crime at trial. *State v. Bernard,* 849 S.W.2d 10 (Mo. banc 1993).

■ We will not deem an attorney to have been ineffective for not filing a meritless motion or for not objecting to admissible evidence. *State v. Hunter,* 840 S.W.2d 850, 870 (Mo. banc 1992). Instead, we presume Goodwin's attorneys to have been competent and that the deficiencies complained of were sound trial strategy. *Id.* We find no error on the part of the motion court in its denial

of Goodwin's 29.15 motion for post-conviction relief.

 Goodwin contends the trial court erred in giving the reasonable doubt instruction patterned after MAI–CR3d 302.04. Goodwin did not object to the use of the instruction at trial and failed to preserve the issue for appellate review. Again, he asks for plain error review pursuant to Rule 29.12(b). We decline. Use of an approved instruction cannot, by definition, be deemed plain error.

We affirm Goodwin's convictions and sentences. We also affirm the motion court's denial of his Rule 29.15 motion for post-conviction relief.

All concur.